**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **PEGGY J. BARNUM,**<br><br>      Plaintiff,<br><br>  v.<br><br>**OHIO STATE UNIVERSITY MEDICAL CENTER,** *et al.*<br><br>      Defendants. | Case No. 2:12-cv-930<br><br>Judge Peter C. Economus<br><br>**MEMORANDUM OPINION AND ORDER** |

The background of this case is set forth in the Court's Opinion and Order dated November 8, 2013 (Dkt. 31, hereinafter referred to as the "2013 Order"), in which the Court granted in part and denied in part a motion to dismiss filed by Defendant The Ohio State University Medical Center ("OSUMC"). This matter is back before the Court on a motion to dismiss, or for qualified immunity, filed by individual Defendants E. Gordon Gee, in his official capacity as President of the Ohio State University ("OSU"); Steven G. Gabbe, in his official capacity as Chief Executive Officer of OSUMC; Ronald Harter, in his individual capacity and official capacity as Chair of the Anesthesia Department of OSUMC; and Stephen Pariser, in his individual capacity and official capacity as Chair of the Peer Review Committee of the Ohio State University ("Peer Review Committee") (collectively, the "Individual Defendants"). (Dkt. 30.) For the reasons set forth below, Individual Defendants' motion to dismiss is **GRANTED IN PART** and **DENIED IN PART,** and their motion for qualified immunity is **DENIED** without prejudice to filing a renewed motion.

**I.  Motion To Dismiss**

Individual Defendants move to dismiss this action under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requires the dismissal of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). While Rule 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Furthermore, "[a]lthough for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it] [is] not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*, 129 S. Ct. at 1949–50 (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted).

**Count 1.  First Amendment Retaliation**

The 2013 Order dismissed Barnum's First Amendment retaliation claims for monetary damages against OSUMC and Individual Defendants in their official capacities. Remaining were the individual-capacity claims against Defendants Harter, Pariser, and John and Jane Does; as well as equitable claims, if any, asserted against OSUMC and the Individual Defendants in their official capacities.

Regarding Barnum's First Amendment retaliation claim, Individual Defendants' motion makes the same arguments as OSUMC's motion, asserting that Barnum's speech was not on a matter of public concern. As explained in the 2013 Order, the Court finds that Barnum's speech involved mixed questions of private and public concern and is therefore protected. The motion is

therefore **DENIED** as to the pending First Amendment retaliation claims and **DENIED AS MOOT** as to the First Amendment retaliation claims dismissed in the 2013 Order.

### Count 2.  Equal Protection Conspiracy

Barnum's claim for equal protection conspiracy was dismissed in the 2013 Order. The motion is therefore **DENIED AS MOOT** as to this claim.

### Count 3.  Neglect to Prevent Violations of Equal Protection

Barnum's claim for neglect to prevent equal protection violations was dismissed in the 2013 Order. The motion is therefore **DENIED AS MOOT** as to this claim.

### Count 4.  Due Process

Of Barnum's due process claims, the 2013 Order dismissed any claims for monetary damages against the Individual Defendants in their official capacities as well as claims against all defendants based on deprivation of Barnum's liberty interest in her reputation. Remaining are Barnum's claims for injunctive relief against OSUMC and for monetary damages against Defendants Harter, Pariser, and John and Jane Does in their individual capacities; based on deprivation of her property interest in her employment without due process.

Individual Defendants' motion generally makes the same arguments as OSUMC's motion, all of which were considered for the purpose of the 2013 Opinion. The motion is therefore **DENIED** as to the pending due process claims and **DENIED AS MOOT** as to the due process claims dismissed in the 2013 Order.

**Count 5.   Rehabilitation Act**

Barnum asserts a claim for discrimination in violation of the Rehabilitation Act, 29 U.S.C. §§ 701 *et seq.*, and specifically 29 U.S.C. § 794.  Rejecting OSUMC's sole argument that a plaintiff cannot allege a Rehabilitation Act claim as an alternate and inconsistent theory of recovery, the Court denied OSUMC's motion as to this claim in the 2013 Order.

In their motion, Individual Defendants correctly assert that individuals who are not "employers" are not personally liable under the Rehabilitation Act.  (Dkt. 30 at 15 (citing *Hiler v. Brown*, 177 F.3d 542, 546 (6th Cir. 1999)).  While Barnum cites a split in authority regarding individual liability (Dkt. 39 at 8), Sixth Circuit precedent controls this case.  The motion is therefore **GRANTED** as to the Rehabilitation Act claims against the Individual Defendants, which are hereby **DISMISSED**.

**Count 6.   Americans with Disabilities Act**

Seeking only injunctive relief, Barnum asserts a claim for discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 1201 *et seq.*, including 42 U.S.C. § 12132.  The Court denied OSUMC's motion to dismiss this claim in the 2013 Order.

Individual Defendants assert that they are not "covered entities" under Title I of the ADA, citing *Satterfield v. Tennessee*, 295 F.3d 611, 616 (6th Cir. 2002).  (Dkt. 30 at 15.)  In *Satterfield*, the Sixth Circuit held that "individuals who do not qualify as 'employers' under Title I of the ADA may not be held personally liable in ADA cases."  295 F.3d at 616 (citations omitted).  Individual Defendants also argue that "Title II of the ADA does not provide for individual capacity suits against state officials."  (Dkt. 30 at 15 (citing *Moore v. Chavez*, 36, Fed. Appx. 169, 171 (6th Cir. 2002).)

Barnum appears not to contest Individual Defendants' arguments regarding individual liability, as she responds that "the claims for injunctive relief against the office of the individual defendants *in their official capacity* should proceed." (Dkt. 39 at 10–11 (emphasis added).) The Court therefore **GRANTS** Individual Defendants' motion as to the individual-capacity claims under the ADA, which are hereby **DISMISSED**.

As for Barnum's ADA claims against Individual Defendants in their official capacities, this Court has stated that "only the employer, and not the individual defendants, can be responsible for any relief [the plaintiff] might obtain. Accordingly, this Court has dismissed official capacity claims as unnecessarily duplicative, and add[ing] nothing to th[e] litigation, when the employer entity is already included as a defendant." *Bennett v. White Tiger, Inc.*, 2:12-cv-171, 2013 WL 164507 (S.D. Ohio Jan. 15, 2013) (internal citations and quotation marks omitted). The Court therefore **GRANTS** Individual Defendants' motion as to the official-capacity claims under the ADA, which are hereby **DISMISSED**.

## II.     Motion for Qualified Immunity

Individual Defendants assert that they are entitled to qualified immunity on the remaining claims under § 1983, which consist of Barnum's claims for First Amendment retaliation and deprivation of employment without due process. Because qualified immunity is available only for individual-capacity claims for monetary damages, *see Collyer v. Darling*, 98 F.3d 211, 222 (6th Cir. 1996), the only pending claims to which qualified immunity may apply are those against Defendants Harter and Pariser.

To evaluate a claim of qualified immunity, the Court must first determine whether a constitutional violation occurred. If so, the Court must determine whether the violated right was a clearly established right of which a reasonable person would have known. Third, the Court

5

must determine whether Barnum has alleged sufficient facts, supported by sufficient evidence, to indicate that what the defendants did was objectively unreasonable in light of the clearly established constitutional rights. *Dickerson v. McClellan*, 101 F.3d 1151, 1157–58 (6th Cir.1996) (citing *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999)). The Sixth Circuit has held that, "[i]n many factual contexts, . . . the fact that a right is 'clearly established' sufficiently implies that its violation is objectively unreasonable." *Causey v. City of Bay City*, 442 F.3d 524, 528 n.2 (6th Cir. 2006).

"Defendants bear the initial burden of coming forward with facts to suggest that they were acting within the scope of their discretionary authority"; "[t]hereafter, the burden shifts to the plaintiff to establish that the defendants' conduct violated a right so clearly established that any official in defendants' positions would have clearly understood that they were under an affirmative duty to refrain from such conduct." *Rich v. City of Mayfield Heights*, 955 F.2d 1092, 1095 (6th Cir. 1992). "Whether qualified immunity applies turns on the 'objective legal reasonableness' of the official's action, viewed on a fact-specific, case-by-case basis." *Armstrong v. City of Melvindale*, 432 F.3d 695, 699 (6th Cir. 2006) (citation omitted).

Here, Individual Defendants clearly have not met their initial burden of presenting facts suggesting that they were acting within the scope of their discretionary authority. Their argument on qualified immunity contains a single sentence addressing the facts: "All of Barnum's allegations in this case relate to the actions of OSU employees acting in relation to her professional licensing credentials and review of her workplace conduct by a Peer Review Committee, which operates by existence of state law." (Dkt. 30 at 14.) As Individual Defendants appear to acknowledge in their brief, more factual development may be necessary to determine whether they are entitled to qualified immunity. (*Id.*) It appears from the record that

6

discovery was recently completed.  Therefore, the Court **DENIES** the motion, without prejudice to filing a renewed motion according to the following schedule.  Individual Defendants may file a renewed motion for qualified immunity no later than September 4, 2014; Barnum may file a response no later than October 4, 2014; and Individual Defendants may file a reply no later than October 14, 2014.

### III.  Conclusion

For the above reasons, Individual Defendants' motion to dismiss is **GRANTED** as to Barnum's claims against the Individual Defendants under the Rehabilitation Act and the ADA, and is **DENIED** as to all other claims.  Their motion for qualified immunity is **DENIED** without prejudice to filing a renewed motion according to the schedule set forth above.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT JUDGE